IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

STEPHEN JOSEPH GAINES,  )
                        )
       Plaintiff,       )
                        )
v.                      )    No. CIV 12-277-RAW-SPS
                        )
BRUCE HOWARD and        )
NITA RANEY,             )
                        )
       Defendants.      )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. Plaintiff, a former inmate of the Oklahoma Department of Corrections, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma. The defendants are HMCC Warden Bruce Howard and HMCC Records Officer Nita Raney.[1]

Plaintiff alleges the defendants knowingly and wrongfully withheld earned *Ekstrand* credits to which he was entitled, failed to oversee the people who caused the wrong accounting, and unlawfully held him longer than his sentence required. The defendants have moved for dismissal, alleging, among other things, this action is barred by the applicable statute of limitations. Plaintiff has not responded to the motion.

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a

---

[1] According to the DOC website at http://www.ok.gov/doc, plaintiff was released from DOC custody on the same day this complaint was filed.

motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of the defendants' motion.

In Oklahoma the statute of limitations for a civil rights cause of action is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Plaintiff is complaining he was denied credits he was due under *Ekstrand v. State*, 791 P.2d 92, 95 (Okla. Crim. App. 1990), *overruled on other grounds by Waldon v. Evans*, 861 P.2d 311 (Okla. Crim. App. 1993), which concerned earned credits that inmates could accumulate effective November 1, 1988. A prisoner affected by the *Ekstrand* decision was "entitled to the credits allotted under the statute effective on the date [his] crime was committed." *Id.*; *See also State ex rel. Maynard v. Page*, 798 P.2d 628, 629 (Okla. Crim. App. 1990). Such credits, however, would have been granted early in the 1990s. Therefore, the court finds plaintiff's claims are time-barred.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional

violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 17th day of September 2013.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3